UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LOCAL 338, RWDSU,

                      Plaintiffs,

- against -

TRADE FAIR SUPERMARKETS,
a/k/a TRADE FARE SUPERMARKETS,

                      Defendant.
-------------------------------------------------------------X

CV 06 3215

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 28 2006 ★
BROOKLYN OFFICE

COGAN, J.

J. ORENSTEIN, M.J.

## COMPLAINT

Plaintiff Local 338, RWDSU ("Local 338"), by its attorneys, Friedman & Wolf, alleges the following as and for its complaint:

1. This is an action brought under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to enforce a labor arbitration award, made pursuant to a collective bargaining agreement entered into between Local 338 and Defendant Trade Fair Supermarkets a/k/a Trade Fare Supermarkets ("Trade Fair").

2. Local 338 is a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a). Local 338 represents, for the purposes of collective bargaining, persons employed, inter alia, in the retail supermarket, dairy and health care industries in New York and New Jersey. Local 338's principal office is located at 97-45 Queens Boulevard, Rego

1

Case 1:06-cv-03215-BMC-JO   Document 1   Filed 06/28/06   Page 2 of 4

Park, New York.

3. Trade Fair employs employees represented by Local 338 in the retail supermarket industry, which is an industry affecting commerce, and is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C.A. § 185(a). Trade Fair's principal office is located at 30-12 30th Avenue, Astoria, New York 11102.

4. For all material times herein, Local 338 and Trade Fair have been parties to a collective bargaining agreement, effective July 17, 2002 through October 4, 2006 (the "Agreement").

5. Article 25(b) of the Agreement provides for final and binding arbitration as the means for resolving disputes between the parties.

6. Article 25(c) permits either party to resort to the courts to enforce an arbitration award.

7. Article 1 of the Agreement provides that the Agreement covers, and the term "employee" or "employees" includes, "all of the Employer's present and future full-time and part-time employees (other than store managers, butchers and meat wrappers) employed in all departments in all of the present and future supermarkets and stores operated by the Employer."

8. In accordance with the Agreement, on or about January 12, 2005, Local 338 submitted to arbitration, inter alia, the issue of whether Azzam's position was entitled to the protection of the Agreement and, if so, whether Trade Fair paid the proper wages and benefits to Azzam under the Agreement.

9. On March 1, 2005 and October 31, 2005, Arbitrator Alice Winkler of the New York State Employment Relations Board heard Local 338's grievance.

10. On March 31, 2006, Arbitrator Winkler issued her decision (the "Award").

11. The Award granted Local 338's grievance, with respect to Azzam's proper position, and directed Trade Fair to "make [Azzam] whole by compensating him the differential between all the hours worked for Tradefair Supermarkets in what [Trade Fair] deemed to be a managerial capacity and the rate of pay applicable to an Assistant Manager, including all contractual overtime, premium, weekend and holiday pay to which he would have been entitled pursuant to the terms of the CBA, less all applicable union dues which it shall directly pay to [Local 338]."

12. The Award also directed that, to the extent that Azzam could establish that he paid for his own health insurance during the time period in question, Trade Fair must reimburse him "up to the amount of the contributions it would have made on his behalf had he been covered by the CBA." It further directed that Trade Fair make all payments owed on Azzam's behalf to the Local 338 Retirement Fund.

13. Pursuant to the Award, Trade Fair was ordered to make all payments owed to Azzam and Local 338 within thirty (30) days of the date of the Award.

14. Trade Fair has failed and refused to comply with the Award.

15. Trade Fair's failure to comply with the Agreement has damaged Local 338 by, inter alia, depriving its member of proper wages and benefits and depriving Local 338 of union dues.

16. Arbitrator Winkler's Award draws its essence from the Agreement between the parties, and the Arbitrator acted within her authority in fashioning the Award.

WHEREFORE, Local 338 requests entry of Judgment against Trade Fair, as follows:

1. Confirming and enforcing the Award of Arbitrator Alice Winkler, dated March 31, 2006;

2. Awarding Local 338 any and all damages caused by Trade Fair's violation of the Agreement between Local 338 and Trade Fair;

3. Granting Local 338 the attorneys' fees and costs it has incurred, and will incur, in connection with this action; and

4. Awarding Local 338 such other and further equitable relief as this Court deems just and proper.

Dated: June 27, 2006
     New York, New York

                              FRIEDMAN & WOLF

                    By:       *[signature]*
                              Abigail R. Levy, Esq. (AL-4822)

                              1500 Broadway, Suite 2300
                              New York, New York 10036
                              (212) 354-4500

                              Attorneys for Plaintiffs