UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOCAL 338, RWDSU,

                      Plaintiff,

       - against -                   06-CV-3215 (BMC) (JO)

TRADE FAIR SUPERMARKETS,
a/k/a TRADE FARE SUPERMARKETS,

                      Defendant.
------------------------------------------------------------X

PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL CIVIL RULE 56.1

In accordance with Rule 56.1 of the Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, Plaintiff Local 338, RWDSU ("Local 338" or the "Union"), submits that as to the following material facts, there is no genuine issue to be tried:

1. This Court has jurisdiction to determine this matter pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

2. At all material times herein, Local 338 and Defendant Trade Fair Supermarkets a/k/a Trade Fare Supermarkets ("Trade Fair") were parties to a collective bargaining agreement (the "Agreement").  (See Affidavit of Abigail R. Levy ("Levy Aff."), Exh. C.)

1

3. Article 25(b) of the Agreement provides for final and binding arbitration as the means for resolving disputes between the parties. (See Levy Aff., Exh. C.)

4. Article 25(c) permits either party to resort to the courts to enforce an arbitration award. (See Levy Aff., Exh. C.)

5. In accordance with the Agreement, on March 1 and October 31, 2005, a hearing was held by Arbitrator Alice Winkler (the "Arbitrator") at which the issue, as framed by the Arbitrator, was the following: "Was Hesham Azzam entitled to the protection of the collective bargaining agreement (CBA) negotiated with RWDSU, Local 338 while he was employed by Tradefair Supermarkets?" (See Levy Aff., Exh. D.)

6. On March 31, 2006, Arbitrator Winkler issued her decision (the "Award"). (See Levy Aff., Exh. D.)

7. Both parties received a copy of the Award on or before April 10, 2006. (See Levy Aff., Exh. E.)

8. The Award granted Local 338's grievance, and directed Trade Fair to "make the Grievant whole by compensating him the differential between all the hours he worked for Tradefair Supermarkets in what the Company deemed to be a managerial capacity and the rate of pay applicable to an Assistant Manager, including all contractual overtime, premium, weekend and holiday pay to which he would have been entitled pursuant to the terms of the CBA, less all applicable union dues which it shall promptly pay directly to the Organization. To the extent the Grievant can establish that he paid for his own health insurance during the time period in question, the Company shall reimburse him up to the amount of the contributions it would have made on his behalf had he been covered by the CBA during this period. It shall further make all commensurate payments on his behalf into the Local 338 Retirement Fund." (See Levy Aff., Exh. D, p. 9.)

9. The Arbitrator's Award states that "payments to the Grievant and to the Organization shall be made within thirty (30) days of the date of this Award." (See Levy Aff., Exh. D, p. 9.)

10. The Arbitrator's Award further directs: "The Company shall provide the Organization with records to support its calculation of the amounts paid along with its payment in this matter. In the event a dispute arises with respect to the calculation of any of the damages set forth in this Award, jurisdiction is retained. However, no dispute regarding calculation of damages shall preclude the Company from making a good faith payment to the Grievant and the Organization within thirty (30) days of the date of this Award and thereafter responding to any challenge raised by the Organization in a separate hearing." (See Levy Aff., Exh. D, p. 9.)

11. It is undisputed that the Award draws its essence from the Agreement between the parties, and the Arbitrator acted within her authority in fashioning the Award. (See Levy Aff., Exh. A, ¶ 16; Exh. B, ¶ 1.)

12. Trade Fair has never made any payments to the Grievant, Local 338, or Local 338's benefits funds pursuant to the Award. (See Levy Aff., ¶ 9.)

13. Subsequent to the filing of this lawsuit, in a July 12, 2006 letter, Trade Fair stated: "[I]n reviewing my client's records, they are willing to make a payment to him which I believe is more than fair at $3,000 to settle the entire matter." (See Levy Aff., Exh. F.)

14. On August 30, 2006, Trade Fair provided Local 338 with a document it claimed supported its $3,000 settlement offer. (See Levy Aff., Exh. G.)

15. On September 1, 2006, Plaintiff wrote to the Arbitrator, stating that Trade Fair had failed to comply with the Award by refusing to make any payment and by failing to provide adequate records. (See Levy Aff., Exh. H.)

16. In a September 21, 2006 letter, Arbitrator Winkler stated that Trade Fair had not provided documentation in accord with her Award. (<u>See</u> Levy Aff., Exh. I.)

Dated: October 18, 2006
      New York, New York

                      FRIEDMAN & WOLF

By: _____
      Abigail R. Levy (AL-4822)

      1500 Broadway, Suite 2300
      New York, New York 10036
      (212) 354-4500

      Attorneys for Plaintiff