UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOCAL 338, RWDSU,

        Plaintiff,

  - against -         06-CV-3215 (BMC) (JO)

TRADE FAIR SUPERMARKETS,
a/k/a TRADE FARE SUPERMARKETS,

        Defendant.
------------------------------------------------------------X


PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 3 |
| I. THIS COURT SHOULD CONFIRM AND ENFORCE THE ARBITRATOR'S AWARD | 3 |
| II. THE ARBITRATOR'S AWARD WAS FINAL | 4 |
| III. THIS COURT SHOULD GRANT PREJUDGMENT INTEREST ON THE MONIES OWED BY TRADE FAIR PURSUANT TO THE AWARD | 8 |
| IV. PLAINTIFF IS ENTITLED TO THE REASONABLE ATTORNEYS' FEES AND COSTS IT INCURS CONFIRMING AND ENFORCING THE AWARD | 10 |
| CONCLUSION | 11 |

TABLE OF AUTHORITIES

| Cases | Page |
|---|---|
| Burns Int'l Security Services, Inc. v. Int'l Union, United Plant Guard Wks of Amer., 47 F.3d 14 (2d Cir. 1995) | 6 |
| Chambers v. NASCO, Inc., 501 U.S. 32 (1991) | 10 |
| Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Wkrs, 34 F.3d 1148 (2d Cir. 1994) | 9 |
| Dreis & Krump Mfg. Co., v. Int'l Assn. of Machinists and Aerospace Wkrs, District No. 8, 802 F.2d 247 (7th Cir. 1986) | 6 |
| First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Employees Union Local 338, RWDSU, AFL-CIO, 118 F.3d 892 (2d. Cir. 1997) | 10 |
| Int'l Assn. of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 928 F. Supp. 83 (D. Mass. 1996) | 5 |
| Int'l Chemical Wkrs Union, Local 227 v. BASF Wyandotte Corp., 774 F.2d 43 (2d Cir. 1985) | 10 |
| Local 1199, Drug, Hospital and Health Care Employees Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22 (2d Cir. 1992) | 3 |
| New England Health Care Employees Union v. Haven HealthcareMgmt, Civ. No. 3:05cv1540 (JBA), 2006 WL 2506601 (D. Conn. Aug. 28, 2006) | 6-7 |

Page

New York City District Council of Carpenters Pension Fund v. Eastern Millenium Construction, NO. 03 Civ. 5122 (DAB), 2003 WL 22773355 (S.D.N.Y. Nov. 21, 2003) .......................................................... 8-9

Retail, Wholesale & Chain Store Food Employees Union, Local 338 v. Red Apple Supermarkets, No. CIVA98-CV0215 (DGT), 1999 WL 551253 (E.D.N.Y. June 24, 1999) ............................................................ 6,8-9

Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 157 F.3d 174 (2d Cir. 1998) ................................................................................... 4-6

In the Matter of Soft Drink and Brewery Wkrs Union Local 812, IBT, AFL-CIO and Ali-Dana Beverages, Inc., No. 95 CIV. 8081 (SAS), 1996 WL 420209 (S.D.N.Y. July 25, 1996) ............................................................ 9-10

United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987) .............................................................................................. 3,5

Waterside Ocean Navigation Co., v. Int'l Navigation, Ltd., 737 F.2d 150 (2d Cir. 1984) ................................................................................. 9

Statutes and Rules                                                                                         Page

29 U.S.C. § 185 ..................................................................................................... 1,8

INTRODUCTION

Plaintiff Retail, Wholesale and Chain Store Food Employees Union, Local 338 ("Local 338" or the "Union"), respectfully submits this memorandum of law in support of its motion for summary judgment to confirm and enforce the arbitration award issued by Arbitrator Alice Winkler (the "Arbitrator") on March 31, 2006 (the "Award"). (See Affidavit of Abigail R. Levy ("Levy Aff."), Exhibit D.)

Local 338 seeks confirmation and enforcement of the Award pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. As demonstrated below, this Court should grant Local 338's motion because the Award was final. In addition, there is no dispute that the Arbitrator acted within the scope of her authority, that the Award draws its essence from the relevant collective bargaining agreement (the "Agreement") between Local 338 and Trade Fair Supermarkets a/k/a Trade Fare Supermarkets ("Trade Fair" or the "Employer"), and that the Employer has failed and refused to honor the unambiguous remedial provisions of the Award.

Local 338 also seeks an order directing the Employer to pay pre-judgment interest, in addition to the reasonable attorneys' fees and costs incurred by Local 338 in this action. The Court should issue such an order because of the Employer's wholly unjustified refusal to satisfy the Award, which refusal directly violates its contract with Local 338.

STATEMENT OF FACTS

Plaintiff notes that a complete statement of facts is provided in its Statement of Material Facts in Support of its Motion for Summary Judgment Pursuant to Local Civil Rule 56.1 (hereinafter "Rule 56.1 Stmt."), and respectfully refers the Court to such Statement. For the convenience of the Court, Plaintiffs summarize the facts of this matter below.

1

At all times relevant to this matter, Local 338 and Trade Fair were parties to the Agreement. (Rule 56.1 Stmt., ¶ 2.) Article 25(b) of the Agreement provides for final and binding arbitration as the means for resolving disputes between the parties. (Rule 56.1 Stmt., ¶ 3.) Article 25(c) of the Agreement permits either party to resort to the courts to enforce an arbitration award. (Rule 56.1 Stmt., ¶ 4.)

A dispute arose between the parties and, in accordance with the Agreement, they submitted the issue to arbitration. On March 1 and October 31, 2005, a hearing was held by the Arbitrator to determine the following issue: "Was Hesham Azzam entitled to the protection of the collective bargaining agreement (CBA) negotiated with RWDSU, Local 338 while he was employed by Tradefair Supermarkets?" (Rule 56.1 Stmt., ¶ 5.)

On March 31, 2006, Arbitrator Winkler issued her decision, and both parties received a copy of the Award on or before April 10, 2006. (Rule 56.1 Stmt., ¶¶ 6-7.) Pursuant to the Award, the Arbitrator granted Local 338's grievance, and directed Trade Fair to "make the Grievant whole by compensating him the differential between all the hours he worked for Tradefair Supermarkets in what the Company deemed to be a managerial capacity and the rate of pay applicable to an Assistant Manager, including all contractual overtime, premium, weekend and holiday pay to which he would have been entitled pursuant to the terms of the CBA, less all applicable union dues which it shall promptly pay directly to the Organization. To the extent the Grievant can establish that he paid for his own health insurance during the time period in question, the Company shall reimburse him up to the amount of the contributions it would have made on his behalf had he been covered by the CBA during this period. It shall further make all commensurate payments on his behalf into the Local 338 Retirement Fund." (Rule 56.1 Stmt., ¶ 8.)

2

The Award states that "payments to the Grievant and to the Organization shall be made within thirty (30) days of the date of this Award," and further directs: "The Company shall provide the Organization with records to support its calculation of the amounts paid along with its payment in this matter.  In the event a dispute arises with respect to the calculation of any of the damages set forth in this Award, jurisdiction is retained.  However, no dispute regarding calculation of damages shall preclude the Company from making a good faith payment to the Grievant and the Organization within thirty (30) days of the date of this Award and thereafter responding to any challenge raised by the Organization in a separate hearing." (Rule 56.1 Stmt., ¶¶ 9-10.)

Trade Fair has never made any payments to the Grievant, Local 338, or Local 338's benefits funds pursuant to the Award.  (Rule 56.1 Stmt., ¶ 12.)  On June 28, 2006, Local 338 filed the instant action to confirm and enforce the Award.

ARGUMENT

I.   THIS COURT SHOULD CONFIRM AND ENFORCE THE ARBITRATOR'S AWARD

This Court has clearly enunciated the criteria for determining whether to confirm and enforce an arbitration award.  The analysis hinges on two factors, namely, whether the arbitrator "acted within the scope of his authority" and "whether the award draws its essence from the agreement." Local 1199, Drug, Hospital and Health Care Employees Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992).  This analysis has its roots in a substantial body of Supreme Court precedent.  See, e.g., United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987) ("as long as the arbitrator is even arguably construing

3

or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision").

In the instant matter, there is no dispute that the Award draws its essence from the collective bargaining agreement, and that the Arbitrator acted within the scope of her authority in fashioning the Award. (Rule 56.1 Stmt., ¶ 11.) It is also undisputed that Trade Fair failed and refused to comply with the Award within the thirty (30) day period prescribed in the Award, and that it has continued to flout the Award through the present date. (Rule 56.1 Stmt., ¶ 12, 16.) Accordingly, the only issue before the Court is whether the Award was final.

II.   THE ARBITRATOR'S AWARD WAS FINAL

The Award is final because, under prevailing Second Circuit law, the Arbitrator has fully resolved the issue presented to her pursuant to the grievance. Accordingly, the Court should grant summary judgment to Plaintiff and confirm and enforce the Award.

The Second Circuit has instructed that "an arbitration award, to be final, must resolve all the issues submitted to arbitration . . . definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication." Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 157 F.3d 174, 176 (2d Cir. 1998) (emphasis in original).

The Award in the instant matter is final under this standard because the Arbitrator definitively resolved the only issue before her. That issue, as the Arbitrator herself framed it, is as follows: "Was Hesham Azzam entitled to the protection of the collective bargaining agreement (CBA) negotiated with RWDSU, Local 338 while he was employed by Tradefair Supermarkets?" (Rule 56.1 Stmt., ¶ 5.) The Arbitrator conclusively determined Trade Fair's liability by finding that the grievant was indeed protected by the Agreement's terms, and that the

4

Employer had failed to classify the grievant as an Assistant Manager for payroll purposes. (See Levy Aff., Exh. D.) She therefore granted the Union's grievance, and issued a straightforward and unambiguous remedy. Id., at p. 9.

Specifically, the Arbitrator directed that Trade Fair make the grievant whole by paying him the difference between what he was actually paid as an Assistant Manger and what he should have been paid pursuant to the Agreement during the period at issue. She also directed that Trade Fair pay the applicable dues to the Union and submit medical and retirement contributions to the grievant and/or the Union's benefits funds for the time period at issue. (See Levy Aff., Exh. D, at p. 9.) Finally, the Arbitrator ordered that Trade Fair calculate the amounts owed to the Union and the grievant pursuant to the Award, and directed that it make payment, accompanied by records "supporting its calculation of the amounts paid," within thirty (30) days of the Award date. Id. No further adjudication is required to determine the rights and obligations of the parties with respect to this sole issue submitted for arbitration.

Nonetheless, it is anticipated that Trade Fair will argue that the Award is not final because the Arbitrator did not calculate damages in her Award. In reaching its holding in Rocket Jewelry Box, the Second Circuit clarified that, in order for an arbitration award to be final, it is not required that the arbitrator resolve every outstanding issue that might arise in subsequent litigation between the parties. Rocket Jewelry Box, 157 F.3d at 177. Indeed, under the "complete arbitration rule," the "mere possibility that an arbitrator may need to take further action" does not render an award nonfinal. Int'l Assn. of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 928 F. Supp. 83, 86 (D. Mass. 1996). This conclusion is reflective of and premised upon the longstanding federal labor policy of "speedy resolution of grievances by private mechanisms." Misco, 484 U.S. at 38. In

5

short, if an arbitrator had to determine every possible issue that could arise between the parties as a result of her award, she would never be able to definitively resolve a grievance. See Rocket Jewelry Box, 157 F.3d at 176-77.

Instead of calculating the precise amount owed, the Arbitrator opted to require Trade Fair to complete the ministerial task of calculating the exact dollar figure due the grievant and the Union, and retained jurisdiction for the limited purpose of adjudicating a potential dispute arising "with respect to calculation of any of the damages set forth in this Award." (See Levy Aff., Exh. D, at p. 9.) Thus, all that remained unresolved in the Arbitrator's Award was the determination of an exact dollar amount owed by Trade Fair, a matter secondary to the issue submitted to her for adjudication.

The Second Circuit, among other courts, has specifically addressed the issue of whether an arbitrator's retention of jurisdiction over the calculation of damages pursuant to an award affects its finality, and concluded that it has no effect. In Burns Int'l Security Services, Inc. v. Int'l Union, United Plant Guard Wks of Amer., 47 F.3d 14, 16 (2d Cir. 1995), the Court definitively stated that "the reservation of jurisdiction over a detail like overseeing the precise amount of back pay owed does not affect the finality of an arbitrator's award." See Dreis & Krump Mfg. Co., v. Int'l Assn. of Machinists and Aerospace Wkrs. District No. 8, 802 F.2d 247, 251 (7th Cir. 1986) (calculation of precise amount of back pay judged a "ministerial detail" which did not affect the award's finality); see also Retail, Wholesale & Chain Store Food Employees Union, Local 338 v. Red Apple Supermarkets, No. CIVA98-CV0215(DGT), 1999 WL 551253, at *4 (E.D.N.Y. June 24, 1999) (lack of calculation of damages did not affect finality for purposes of allowing award of prejudgment interest, because "the amount of the award, if not certain, is certainly not speculative," but "the result of a simple calculation"); New

6

England Health Care Employees Union v. Haven Healthcare Mgmt, Civ. No. 3:05cv1540 (JBA), 2006 WL 2506601, at *5 (D. Conn. Aug. 28, 2006) (arbitrator's retention of jurisdiction to settle potential accounting disputes over pension payments "resembles the type of ministerial detail that is automatically determinable from readily attainable evidence, and requires no more judgment on the part of the Arbitrator" and thus does not render award not final).

The situation is analogous in the instant matter. The amount of damages in this case could be determined by a simple calculation according to the Award's specifications, and verified based on the detailed records that Trade Fair was obligated to provide to Local 338 along with its good faith payment within thirty days of the Award date.

It is anticipated that Trade Fair will argue that its $3,000 settlement offer is sufficient to trigger the Arbitrator's reassertion of jurisdiction because it created a dispute over how much is owed. However, this argument is immaterial to the issue before the Court and must therefore be disregarded.

As a threshold matter, the Award is clear that Trade Fair was required to make actual payments to the grievant and the Union and provide records to support how it calculated those payments. (See Levy Aff., Exh. D, p. 9.) Accordingly, an offer of payment, such as Trade Fair's $3,000 settlement offer, in the absence of an actual payment, demonstrates a failure to comply with the Award. Moreover, any dispute over the parties' disagreement regarding the amounts owed to the grievant and/or the Union pursuant to the Award is premature at this point in time because Trade Fair has neither made any payment nor supplied the appropriate records, as directed by the Award.[1] (Rule 56.1 Stmt., ¶¶ 12, 16.)

---

[1] In her September 21, 2006 correspondence to the parties, the Arbitrator confirmed that the documentation provided by Trade Fair to support its settlement offer fails to comply with the Award, rendering a return to an arbitral hearing premature. (See Rule 56.1 Stmt., ¶ 16.)

7

The Arbitrator recognized the potential for a premature dispute over the calculation of damages, and addressed it by specifically providing that "no dispute regarding the calculation of damages shall preclude the Company from making a good faith payment to the Grievant and the Organization within thirty (30) days of the date of this Award and thereafter responding to any challenge raised by the Organization in a separate hearing." (See Levy Aff., Exh. D, at p. 9.) However, the Employer never made such good faith payments. In the absence of good faith payments to the grievant and the Union, accompanied by supporting records, there is nothing for the parties to disagree upon.

Ultimately, however, any argument about whether actions taken by Trade Fair subsequent to the Award date should trigger the Arbitrator's reassertion of jurisdiction has no bearing on the determination of whether the Award was final. In short, the Award was final because it definitively resolved all the issues submitted to the Arbitrator for adjudication. The fact that the Arbitrator's back pay remedy provided the means to calculate the amount owed (without an actual calculation in the Award), and her reservation of jurisdiction for the limited purpose of resolving disputes over such calculation, is a ministerial detail which does not affect the Award's finality.

III. THIS COURT SHOULD GRANT PREJUDGMENT INTEREST ON THE MONIES OWED BY TRADE FAIR PURSUANT TO THE AWARD

This Court should grant pre-judgment interest on the Award to Plaintiff. An award of prejudgment interest is within the discretion of the trial judge in an action brought before the court pursuant to § 301 of the Labor Management Relations Act. See Red Apple Supermarkets, 1999 WL 551253, at *3. However, "there is a presumption in favor of prejudgment interest." New York City District Council of Carpenters Pension Fund v. Eastern

8

Millenium Construction, NO. 03 Civ. 5122 (DAB), 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003) (quoting Waterside Ocean Navigation Co., v. Int'l Navigation, Ltd., 737 F.2d 150, 154 (2d Cir. 1984)). Indeed, the Second Circuit has held that it is "ordinarily an abuse of discretion *not* to include pre-judgment interest in a back-pay award." Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Wkrs, 34 F.3d 1148, 1161 (2d Cir. 1994).

Moreover, courts in this circuit have often held that pre-judgment interest is appropriate in labor arbitration cases where, as in this case, the underlying contract provides for the finality of arbitration awards. See, e.g., Eastern Millenium Construction, 2003 WL 22773355, at *3; In the Matter of Soft Drink and Brewery Wkrs Union Local 812, IBT, AFL-CIO and Ali-Dana Beverages, Inc., No. 95 CIV. 8081 (SAS), 1996 WL 420209, at *3 (S.D.N.Y. July 25, 1996). Moreover, in a case such as this, where the backpay remedy is an equitable attempt to make the employee whole, "there is a presumption in favor of the award of prejudgment interest so as to avoid requiring an employee to make an interest free loan to an employer." Red Apple Supermarkets, 1999 WL 551253, at *3.

The Agreement between Trade Fair and the Union clearly provides for "final and binding arbitration" to resolve disputes between the parties. (See Rule 56.1 Stmt, ¶ 3.) Yet, Trade Fair has blatantly flouted the Arbitrator's Award by refusing to make any attempt at compliance. Moreover, it has failed to provide a good-faith justification for refusing to comply with the Award's terms. As discussed, supra, Trade Fair's settlement offer, submitted nearly two and a half months after the Award's April 30, 2006 payment deadline, does not serve as an attempt to comply with the Award, nor does it create a dispute over the amount owed pursuant to the Award, triggering the Arbitrator's reassertion of jurisdiction.

9

In sum, an award of pre-judgment interest is both appropriate and warranted to remedy the injustice of Trade Fair's improper retention of monies that should have been paid promptly to the grievant and the Union. The Court should therefore award pre-judgment interest on the Award to Plaintiff from the Award date through the date of entry of judgment.

IV.  PLAINTIFF IS ENTITLED TO THE REASONABLE ATTORNEYS' FEES AND COSTS IT INCURS CONFIRMING AND ENFORCING THE AWARD

The Court should also grant Local 338 the reasonable attorneys' fees and costs it incurs in confirming and enforcing the Award. Not only has Trade Fair flouted its Agreement with Local 338 in refusing to satisfy the Award, it has done so without justification. It should therefore be held accountable.

A court may award attorney's fees, pursuant to its "inherent equitable powers," in cases where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Employees Union Local 338, RWDSU, AFL-CIO, 118 F.3d 892, 898 (2d. Cir. 1997) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). In actions for the confirmation and enforcement of arbitration awards, a court may award attorneys' fees "if the party challenging the award has 'refused to abide by an arbitrator's decision without justification.'" Id. (quoting Int'l Chemical Wkrs Union, Local 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985).

In Ali-Dana Beverages, the court found that an award of attorneys' fees was appropriate where the losing party had exhibited bad faith by its failure "to either pay the award or file a motion to vacate or modify" combined with its failure to argue that the award was invalid. Ali-Dana Beverages, 1996 WL 420209, at *3.

10

Similarly, Trade Fair has failed either to pay the Award or to file a motion to vacate or modify it. Moreover, it has never disputed the validity of the Award. Quite simply, it has failed to comply without any justification, choosing instead to flout the Arbitrator's clear and unambiguous remedy in favor of creating its own. Trade Fair's actions demonstrate nothing short of bad faith.

## CONCLUSION

Based on the foregoing, Local 338 respectfully requests that the Court grant its motion for summary judgment, in addition to its request for pre-judgment interest and the reasonable attorneys' fees and costs it incurs in making this motion.

Dated: October 18, 2006
      New York, New York

                                            FRIEDMAN & WOLF

By: _____
      Abigail R. Levy (AL-4822)

      1500 Broadway, Suite 2300
      New York, New York 10036
      (212) 354-4500

      Attorneys for Plaintiff